UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TK HOLDINGS, INC.,

    Plaintiff,

-vs-

CTS CORP., et al.,

    Defendants.

_____/

Case No. 08-14266

Hon: AVERN COHN

## SCHEDULING ORDER, STAY ORDER
## VACATING STAY ORDER

A.

This is a patent case. At issue are three (3) patents owned by defendants:

    U.S. Patent No. 6,431,013 ('013 Patent)

    U.S. Patent No. 6,467,361 ('361 Patent)

    U.S. Patent No. 6,161,891 ('891 Patent)

The accused device is generally described as a sensor in a seatbelt assembly.

B.

Thus far the case has proceeded on issues related to the '013 and '361 patents. *See* Pretrial Order No. 1 (Doc. 25); Notice Of Asserted Claims [etc] (Doc. 27) and Memorandum And Order On Claim Construction (Doc. 71).

CTS Corporation (CTS) states that the '891 patent has a different specification; it was prosecuted entirely independently of the '013 and '361 patents; and its claims are of a very different scope. TK Holdings, Inc. (TK) does not dispute this.

1

Accordingly, the case shall proceed on two (2) separate tracks, to wit:

    Track One:   '013 and '361 patents

    Track Two:   '891 patent

All future papers filed with the Court shall note on the facing page the relevant patent numbers.

Also, the stay referenced in Pretrial Order No. 1 (Doc. 25) is VACATED as to the '891 patent.

### C.

1. CTS shall within ten (10) days designate the paradigm claim in the '891 patent to be adjudicated. If claims other than the paradigm claim are asserted, proceedings on such claims are STAYED until further order of the Court. The paradigm claim shall be filed with the Court in a separate paper in alphanumerical form within ten (10) days.

2. Thereafter, TK shall within twenty (20) days identify the ambiguous words and phrases in the paradigm claim.

3. Once the ambiguous words and phrases are identified, CTS shall respond within twenty (20) days with its proposed meaning of the ambiguous words and phrases so identified.

4. Thereafter the Court will set a schedule for a *Markman* hearing.

5. If either party relies on the prosecution history of the '891 patent, the parties shall lodge with the Court a tabbed and indexed 3-ring binder containing the prosecution history. The parties shall cite the prosecution history in their papers.

6. The parties' papers relating to claim interpretation shall include a chart of the parties' interpretation of ambiguous words and phrases in non-argumentative form.

D.

To the extent prior decisions of the Court are applicable to the case related to the '891 patent, the parties cooperatively shall advise the Court.

E.

Any objections to this order shall be filed with the Court within five (5) business days.

SO ORDERED.

                             S/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE

Dated: June 17, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 17, 2011, by electronic and/or ordinary mail.

                             S/Julie Owens
                             Case Manager, (313) 234-5160