UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TK HOLDINGS, INC.,

    Plaintiff/Counter-Defendant,

-vs-

CTS CORP., et al.,

    Defendants/Counter-Plaintiffs.

_____/

Case No. 08-14266

HON. AVERN COHN

**CTS CASE**

## MEMORANDUM AND ORDER
## DENYING MOTIONS FOR RECONSIDERATION (Docs. 110, 120)

I.

This is a patent case. Three (3) patents are involved: the '891 Patent, the '013 Patent and the '361 Patent. Each of the patents relates to an automobile weight sensor which detects the presence and weight of a person in a car seat. Particularly the sensor uses strain sensitivity resistors which produce an electric signal to control the activation of an air bag. Markman proceedings on the '013 patent and the '361 patent are completed. See Memorandum and Order on Claim Construction (Doc. 71) (Memorandum). Markman proceedings on the '891 patent are the subject of a separate decision.

Before the Court is the accused infringer's, TK Holdings, Inc.'s (TK) request that the Court reconsider the interpretation of the phrase "step section" in Claim 1 of the '013 patent and in Claim 1 of the '361 patent, and the phrase "unstrained resistor" in Claim 5 of the '361 patent. At a Markman hearing on the '891 patent, the Court also heard

argument on the requests for rehearing.  At the conclusion of the hearing, the Court said TK should point out with particularity where the Court's reasoning to support its interpretations as reflected in the claim construction memorandum is incorrect.  The Court said:

> Because it's not that you've got the claim construction naked, there's an explanation and just where the explanation went off the tracks . . . as far as you are concerned.

The Court limited TK to ten pages on each claim element.

II.

TK did not do this.  Instead it submitted in a supplemental brief a full-blown attack on the Court's interpretations, starting with disagreement with the claim construction principles enunciated in the Memorandum.  This, after opening briefs, answering briefs, reply briefs, power point presentations and oral arguments on the requests for reconsideration.  Also, TK's requests for reconsideration came 17 months after the filing of the Memorandum.  TK is not entitled to reconsideration.

To begin with, a motion for reconsideration must be filed within 14 days after entry of the judgment or order.  See E.D. Mich. LR 7.1(h)(1).  TK's motion is untimely.

Second, TK must demonstrate a palpable defect by which the Court was misled and that correction of the defect will result in a different disposition of the case.  See E.D. Mich. LR 7.1(h)(3).  TK's brief by and large presents the same arguments in support of its interpretations of the disputed phrases as it did initially.  The principal difference is that this time TK buttresses its argument with the opinion of an expert and of the inventor.  There is no good explanation for the late blossoming of these supports.

As to the claim construction principles underlying the Court's interpretations, it did not ignore the reasoning of Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005), and improperly reference dictionary definitions. The Court started its interpretive exercise with claim language and then looked to the language of the specification. As noted in Helmsderfer v. Bobrick Washroom Equipment, Inc., 527 F.3d 1379, 1382 (Fed. Cir. 2008) and Comaper Corp. v. Antec, Inc., 596 F.3d 1343, 1347 (Fed. Cir. 2010), where the plain meaning of a claim term is not apparent from the claim language or specification, it is appropriate to look to dictionaries. And that is why the Court looked at dictionaries as an aid to interpreting the phrases "step section" and "unstrained resistor."

Particularly as to the interpretation of the phrase "step section," the Court said:

> There is no indication, clear or otherwise, that the patentee intended to exclude a two-dimensional step section or limit the invention to a three-dimensional step.

Memorandum at p. 15.

Nothing in TK's papers persuades the Court that it's conclusion as to the interpretation of "step section" requires change, and particularly that a planar offset cannot be used to concentrate force.

Particularly as to interpretation of the phrase "unstrained resistor," TK asks the Court to limit the phrase to a particular type of resistor. This the Court did not do, and will not do now. As explained in CTS' Response to TK Holdings Supplemental Brief in Support of its Request for Partial Reconsideration of Interpretation of Paradigm Claims of U.S. Patent Nos. 6,431,013 and 6,467,361 (Doc. 132) at p. 13:

> If "resistor" were shorthand for "strain gage resistor" as TK

3

suggests, then the recitation of a "strain gage resistor" in the '013 Patent would be redundant and nonsensical. To the contrary, when CTS meant to claim a strain gage resistor, it did so by reciting a "strain gage resistor," and when it meant to claim a resistor without restricting it to a particular type of resistor, it did so by omitting the qualifier "strain gage."

### III.

CTS's conclusion at p. 14 of its response is the Court's conclusion:

> Assuming TK truly believed that this Court's Order was in error soon after it was issued, TK chose to allow the 14 day period for a motion for reconsideration to lapse. There is no justification for TK's grossly belated motion filed over 17 months after the deadline in this Court's local rules for such a motion. Even now, availing itself to the generosity of this Court, TK fails to point with particularity to any palpable defect in this Court's Order. Instead, TK merely rehashes old arguments or raises issues that it neglected to pursue during the claim construction proceedings in 2010. TK's attempt to reargue claim construction based on the same arguments it raised over 1½ years ago, or based on information that it chose not to present during claim construction, is clearly improper. Moreover, TK's claim construction arguments, even with its supposedly new extrinsic evidence, are simply wrong. TK has failed to point out with particularity any errors in this Court's Order. It is indeed presumptuous to maintain that the Court's rulings are wrong just because TK's recently retained expert says so. TK's motion for reconsideration should be denied.

The requests for reconsideration are DENIED.

SO ORDERED.


Dated:  July 5, 2012            S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 5, 2012, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160

4